[Civ. No. 15953.   Second Dist., Div. Three.   Apr. 15, 1948.]

GILMAN G. RICE, Respondent, v. D. E. WATKINS,
Appellant.

George H. Pratt for Appellant.

Hanna & Morton and James M. McRoberts for Respondent.

WOOD, J.—This is an action for dissolution of a partnership and for an accounting. Defendant denied that a partnership agreement had been made. The court, after orally announcing its decision that a partnership existed, continued the trial to a later date, ordered an accounting of the partnership affairs, and appointed an appraiser to make a written report of the value of the partnership assets. Thereafter an accounting was had, the cause was submitted, and the court rendered judgment that there should be a dissolution of the copartnership; that the partnership business and assets be sold; and that the net proceeds from such sale be paid to plaintiff and defendant in accordance with their equities, which it found to be in certain sums hereinafter referred to. Defendant appeals from the judgment.

Appellant's contention that the evidence was insufficient to establish a partnership agreement is not sustainable. The evidence shows that about October 1, 1941, defendant told plaintiff that he intended to go into the delicatessen business and he needed some money; that plaintiff delivered five checks in the amounts of $1,000, $200, $100, $100, and $25 to defendant, and the total amount of money represented by those checks, $1,425, was a part of the money used in establishing the business; that the written lease, for the space in the general food market where the delicatessen was located, was obtained in the name of defendant as lessee, and the fixtures were also obtained in defendant's name; that all credit which was extended for the benefit of the business was extended in defendant's name; that defendant and his wife operated the business; that defendant was in the merchant marine from November, 1942, to July, 1944, and during his absence his wife operated the business; that at the time the business was started, and thereafter until plaintiff entered the Navy, plaintiff was employed full time by a cheese company; that during the time he was not in the Navy he went to the delicatessen at least once a week and remained there a few minutes; and that plaintiff was in the Navy from November, 1942, to September, 1945. The plaintiff testified, in part, that defendant told him if he (plaintiff) would "put up $1,400" the defendant would give him a half interest in the business and it would be a "50-50 partnership deal";

that plaintiff stated that since he was selling the products of a cheese company to delicatessens, he thought it would not look well for him to be a competitor of those to whom he sold such products; that the defendant then suggested that plaintiff become a "silent. partner," and stated that he (defendant) would put everything in his name and "operate the business" with plaintiff's cooperation; that plaintiff did not have the "cash" to invest in the business, but he borrowed the money on his home; that plaintiff and defendant discussed the salaries which defendant and his wife should receive for operating the business, and defendant "agreed" that his salary should be $50 a week and his wife's salary $35 a week; that plaintiff's "understanding" was that the profits would be used first to repay plaintiff the amount of his investment, and then the profits would be used to repay defendant the amount of his investment, and thereafter the profits would be divided between plaintiff and defendant equally, and that both parties would bear any losses equally.

The testimony of plaintiff's wife, who was called as a witness in his behalf, corroborated in substance the testimony of plaintiff. Another witness, who was a fellow-employee of plaintiff, testified that when he was with plaintiff at the place of business he heard defendant ask plaintiff "if he had any money to give him to operate tomorrow because he did not have any change in the cash register"; and that plaintiff gave defendant a check for $25.

Defendant testified, in part, that a partnership was never agreed upon or discussed; that the plaintiff offered to lend him the money in return for "favors" defendant had done for plaintiff; that when he accepted plaintiff's check for $1,000 he told plaintiff he would give him 6 per cent straight interest on the total amount until the final payment; that when he accepted the additional $425 from plaintiff he offered plaintiff a note for it but plaintiff said he did not care for one at that time; that it was a personal loan and not a loan to the business; that there was no obligation on defendant's part to pay the money back at any certain time; that he was to pay it back in payments if he could afford it and at the most convenient times; that the $75 which plaintiff was paid, in addition to the $1,425 he had lent defendant, was sent to plaintiff by defendant's wife while defendant was in the merchant marine; that he supposed the said $75 should have been applied on the interest owed plain-

tiff; and that defendant had invested between $1,900 and $2,000 in the business.

Defendant's wife, called as a witness in his behalf, testified in substance the same as defendant had testified.

As stated in the case of *Fewel & Dawes Inc.* v. *Pratt,* 17 Cal.2d 85, at page 89 [109 P.2d 650]: "A finding of the trial court upon conflicting evidence will not be disturbed on appeal if there is evidence of a substantial character which reasonably supports the judgment." The evidence was sufficient to support the finding that a partnership existed.

Plaintiff and defendant each appointed an auditor to examine the partnership accounts. At the time the trial was resumed the reports of both auditors and the statement of the appraiser were received in evidence. After hearing the testimony of the auditors the court made findings that the plaintiff and defendant, pursuant to an agreement, formed a partnership on December 19, 1941, for the purpose of carrying on a business known as "Watkin's Delicatessen"; that said agreement provided that plaintiff would contribute the sum of $1,425 and that defendant would contribute cash and property aggregating and having a value of $1,950; that said contributions were made; that said agreement also provided that "each party would receive back his capital contribution out of the net profits," and that "the defendant would be entitled to withdraw Eighty-five Dollars ($85) per week out of the net profits," and that the net profits thereafter would be divided equally; that the amount contributed by plaintiff was not a loan, and that said amount has been repaid to him; that defendant has made capital contributions aggregating $4,118.46, and that said sum has been repaid to him; that defendant wrongfully and maliciously applied a portion of the partnership money to his own use, and by reason thereof became indebted to the partnership and the plaintiff; that the report of the auditor (who was appointed by the defendant) was a true and correct statement and audit of the partnership business and accounts to and including August 3, 1946, and that said report was attached to and, by reference thereto, made a part of the findings; that it was true that the "equities" of the partners were in the amounts as set forth in such report, to wit, $3,719.52 as to the plaintiff, and $9,201.66 as to the defendant; that the interests of the said partners cannot be apportioned and distributed until liquidation of the partnership assets has been made; that the appraisal, made by the

appraiser appointed by the court, is correct as to the value of the partnership assets as of August 12, 1946, and that said value is as follows: stock on hand $4,742.71, liquor license $4,500, fixtures $3,125, and lease $3,000.

Appellant contends that the court made inconsistent findings as to the amount of salary defendant was entitled to receive. As shown above, the court made an express finding that defendant was entitled to withdraw $85 per week out of the net profits of the partnership, and that the partnership was formed on December 19, 1941. The number of weeks from the date the partnership was formed to the end of the accounting period (August 3, 1946) is approximately 239 weeks. On the basis that appellant was entitled to $85 a week for 239 weeks, his total salary would be $20,315. It appears, however, from the auditor's report, which was made a part of the findings, that the amount of salary to which defendant was entitled was $16,885. The accounting period covered by the auditor's report was also from the time the business was commenced to August 3, 1946. Obviously those findings are conflicting. The express finding that defendant was entitled to $85 a week (or $20,315) was an allowance for the full time covered by the accounting and did not provide for a deduction of the time defendant was in the merchant marine. The finding, by reference to the auditor's report, that defendant was entitled to $16,885 was apparently an allowance for the time defendant actually operated the business. At the time the trial judge announced orally that a partnership existed, and prior to the accounting, he stated that the defendant and his wife were entitled to $50 and $35 per week "for such times as he and she were there [at the delicatessen] respectively." The express finding that defendant was entitled to $85 a week did not include the qualification, which the judge had announced orally, that defendant was entitled to salary only for the time he was at the delicatessen. It cannot be determined from those findings whether the court intended that defendant should receive $85 per week for the full time of the accounting period ·or whether it intended that he should receive that amount only for the weeks he operated the business. Plaintiff asserts, in effect, that the amount of $16,885 was the correct amount of defendant's salary, and that since defendant gave plaintiff's auditor a written statement which showed $16,885 to be the amount of his salary, he should not now be permitted to claim

more than that amount. Appellant asserts, in reply thereto, that in computing his salary to be $16,885 he was complying with the oral decision of the trial judge that he was entitled to salary only for the time he was at the delicatessen. The said findings are irreconcilable.

Appellant asserts that the findings are also inconsistent as to the repayment of defendant's contribution. The express finding was that defendant's contribution of $4,-118.46 had been repaid. The auditor's report, which was adopted as a finding, does not show that appellant's contribution had been returned. At a place in the report regarding defendant's account, opposite a heading "Investment Returned," no amount is shown, thereby indicating a finding that no part of defendant's contribution was returned. (There appears, however, in that report, regarding plaintiff's account, opposite the same heading, the sum of $1,500.) It appears that the express finding and the finding by reference, as to repayment of defendant's contribution, are inconsistent. The auditor's report does show, however, that defendant withdrew $14,570.32, and that he was also charged with a withdrawal of an additional $1,026.01 (which the report shows was unaccounted for), making a total of $15,595.33 withdrawn by defendant. The amount withdrawn by defendant was less than the total amount of his salary. It might be that the court, in finding that defendant's contribution of $4,118.46 had been repaid, considered that that amount was a part of the total amount withdrawn by defendant; however, the express finding that defendant's contribution had been repaid and the finding by reference that it had not been repaid are conflicting.

It also appears that the findings are incomplete, in that, there are findings as to the division of the profits of the partnership, but there is no finding as to the division of losses if any should occur. As stated above, the plaintiff testified that the parties agreed to bear the losses equally.

The court, by its judgment, appointed a commissioner and ordered that he sell the partnership business and assets to the highest bidder; and ordered that the proceeds remaining after payment of the partnership indebtedness be applied "in payment of the equity" of each partner and, in the event such proceeds were insufficient to pay the parties their "equities in full," that the proceeds should be prorated in proportion to the equities of the parties. It further ordered

that in the event the sums paid to plaintiff should be "less than his partnership equity of $3,719.52, that the unpaid balance shall be paid by the defendant to plaintiff."

The effect of that order is to grant plaintiff a personal judgment against defendant. In the event the net assets of the partnership amount to less than $12,921.18, that is, less than the total amount of the interests of both partners —$9,201.66 for defendant, and $3,719.52 for plaintiff, the defendant will be required to pay plaintiff the difference between the amount plaintiff receives from the partnership assets and $3,719.52. In other words, according to the judgment, plaintiff is entitled to receive $3,719.52, regardless of the amount realized on a pro rata basis from the sale of the partnership assets. The judgment was erroneous in that respect. Furthermore, according to the judgment, there is no liability on plaintiff's part for losses of the partnership, if any. In the absence of an agreement to the contrary, each partner should be repaid his contributions, and should share equally in the proceeds remaining after all liabilities, including those to partners, are satisfied, and he must contribute towards the losses according to his share in the profits. (Civ. Code, § 2412.) In the present case there was no agreement that the parties should not share the profits, and bear the losses, equally—on the contrary, plaintiff testified that they agreed to share the profits and bear the losses equally. There was no agreement that defendant would indemnify plaintiff for any losses or that he guaranteed him any profits. Plaintiff's wife testified that the parties had stated, in effect, they were "in it for better or worse"—that they might have a nice profit or a financial loss "to split between them." Under the findings herein, plaintiff was not entitled to recover a profit in excess of his proportionate share in any net profit which might be realized from the sale of the partnership assets.

The reason for ordering an appraisal of the partnership assets is not clear. Ordinarily it is not necessary to ascertain the appraised value of partnership assets in order to make a proper distribution since the proceeds of a sale of the assets, irrespective of value, are divided in proportion to the respective interests of the partners. It is to be noted that the lease, which was in defendant's name as lessee, was not assignable without the consent of the lessor, and that the liquor license, which was in his name, was not transferable

without the approval of the State Board of Equalization. Although the appraiser fixed the value of the lease at $3,000, and the value of the liquor license at $4,500, it would seem that those two assets would not be of value to anyone other than the defendant unless the lessor consented to an assignment of the lease and the Board of Equalization approved a transfer of the license. In other words, it would seem that the defendant is the only one who would be justified in purchasing the lease and the liquor license. It might be that the court considered the possibility that, under the circumstances here, the defendant might purchase the assets for such a small amount that there would be no net proceeds from which to pay the $3,719.52 to plaintiff, and therefore ordered an appraisal in order to fix a basis for adequately compensating plaintiff in the event defendant acquired the property at the sale. The findings herein are not sufficient to justify a personal judgment against the defendant.

It appears further that certain provisions of the judgment are conflicting. It is provided therein that in the event the net proceeds of the partnership are insufficient to pay the parties their "equities" in full, "then proportionate payments shall be made to each upon a pro rata basis as the said interests of each bears each to the other." It further provides that in the event the amount paid to plaintiff by the commissioner shall be less than his "partnership equity" of $3,719.52, then the unpaid balance shall be paid to plaintiff by defendant. The provision that the parties should be paid on a pro rata basis and the provision that plaintiff should be paid in full irrespective of the pro rata basis are conflicting.

By reason of the said conflicting and incomplete findings, the said error in awarding a personal judgment against defendant, and the said contradictory provisions in the judgment, the judgment must be reversed as to that portion thereof which determines the accounting as to the partnership affairs. The finding that a copartnership existed between plaintiff and defendant, and the judgment that there should be a dissolution of the copartnership, are adequately supported by the evidence.

The judgment is reversed as to that portion thereof which determines the accounting as to the partnership affairs, and the cause is remanded for retrial for the sole purpose of determining the accounting as to the partnership affairs. The portion of the judgment that there should be a dissolution

of the copartnership between plaintiff and defendant is affirmed.

Vallée, J. pro tem., concurred.

SHINN, Acting P. J.—I concur in the reversal of a part of the judgment and affirmance of the remainder. It seems to me that in the effort to analyze and explain a simple case to the trial court nothing was developed except confusion.

I do not understand the theory of the judgment. I cannot reconcile it with the findings or any rule of law or mathematics. The facts established by the findings are the following: Plaintiff contributed $1,500 of capital and defendant contributed $4,118.46; each partner was to have his capital investment returned to him; defendant was to receive a salary, payable out of net profits, and *thereafter* the profits were to be equally divided. Plaintiff's contribution of $1,500 has been returned to him, and the court found that defendant's contribution of $4,118.46 has been returned to him. Upon these facts any excess would be profit. Defendant earned salary of $16,885, and he was therefore entitled to draw from the profits of the business this amount, plus the amount of his contributions, or a total of $21,003.46. He has withdrawn $15,596.33, leaving a balance due him of $5,407.13. Defendant says that the court erred in finding that his capital had been returned to him, but the finding appears to be fully supported by the evidence. Defendant is entitled to receive $5,407.75 from the proceeds of the sale of the assets before there is any division of profits, whether this sum represents unpaid salary or part salary and part contributions which have not been returned to him. If the amount for distribution is less than the balance of defendant's unpaid salary he will have to lose the difference, since his salary is payable only out of profits. The results of any accounting for the period subsequent to the date of the original judgment should be treated on the same basis.

The judgment based on the accounting is erroneous. If a division ''upon a pro rata basis as the said interests of each bears each to the other'' means in the proportions which the share of each bears to the whole, and I suppose it does, it is inconsistent with the findings.

Defendant's entire salary of $16,885 is included in the total amount which forms the basis of his proportionate interest

in the total assets which, roughly speaking, amounts to three-fourths thereof. This ignores his right to receive his total salary before there is any division of profits. The difference in the results reached by applying the true method and the method of the judgment would be of little consequence if the proceeds prove sufficient to pay the claims of both partners in full, but if, for example, the proceeds for distribution amounted to only $5,407.13, defendant, as we have shown, should receive all of it and there would be nothing to divide with plaintiff.